On remand of this cause to the circuit court, an evidentiary hearing was held at which Driver was represented by counsel.
Driver alleges that his petition for writ of error coram nobis was due to be granted because (1) he was put in jeopardy when he pled guilty in the circuit court to the same charges upon which he had been previously adjudicated a juvenile delinquent, (2) the ineffective assistance of counsel, and (3) the failure of the Juvenile Court to make the specific findings required by Alabama Code 1975, § 12-15-34 (d), before transferring Driver to the circuit court for treatment as an adult.
Driver's contentions are without merit. Here, there was no juvenile delinquency hearing but only a hearing on a motion to transfer involving only a determination of probable cause. Ashv. State, 424 So.2d 1381, 1382 (Ala.Cr.App. 1982). There was no violation of Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779,44 L.Ed.2d 346 (1975), or Alabama Code 1975, § 12-15-66 *Page 1142 
(c). The juvenile court made no adjudicatory finding of delinquency that Driver actually violated a criminal statute.Smith v. State, 368 So.2d 298, 301 (Ala.Cr.App. 1978), cert. quashed, Ex parte Smith, 368 So.2d 305 (Ala. 1979).
The record shows that Driver's retained counsel was not ineffective in connection with the handling of the guilty pleas and the plea bargain agreement. Driver was facing eight charges. A rape charge and a burglary charge were dismissed. Driver pled guilty to two cases of kidnapping, two cases of robbery and two assault with intent to murder charges. In accordance with the plea bargain agreement, Driver was sentenced to five years in each of the kidnapping cases, 15 years in each of the assault cases, and 25 years in each of the robbery cases. All of the sentences were concurrent. There was no appeal from any of these guilty pleas. In determining that the pleas were properly entered and accepted, we have reviewed the transcript of those proceedings. That record shows that the guilty pleas were accepted in full compliance with Boykin v.Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). That record also shows that Driver received excellent representation by his two attorneys.
The argument that the juvenile court judge failed to issue a proper order was waived when Driver failed to appeal that ruling and when he pled guilty after he had been certified for treatment as an adult.
The issues in this case warrant no further discussion. The petition is without factual and legal merit and was properly denied.
The judgment of the circuit court is affirmed.
OPINION EXTENDED;
AFFIRMED.
All Judges concur.